FUGIT
v.
EWING.

(1) *Ante,* 157.

(2) Counsel for the appellant cited 1 Pars. Cont. 128, and notes; *Id.* 125;
*Id.* 174, 179, 180, and note (h); Story on Part. ss. 229, 331, 334; *M'Donald*
v. *Beach,* 2 Blackf. 55; *Matlock* v *Matlock,* 5 Ind. R. 403.

. (3) Mr. *Hord* cited Story on Part. s. 133, and authorities there cited; *Id.* s. 361;
*Id.* ss. 358, 359—3d ed.; 3 Kent's Comm. 78, top p. 7th ed.; *Ladd* v. *Griswold,*
4 Gilman, 25; *Reese* v. *Bradford,* 13 Ala. R. 383; Smith's L. Cas. 476, 477;
Story on Part. 326, 337; 2 Blackf. 55; Bouv. L. Dict. tit. Insolvency.   ·

————·—●○●—·————

FUGIT and Others <i>v.</i> EWING.

Where a set-off is pleaded, the character of the indebtedness proposed to be set | *Tuesday,*
off, must be shown; and if it be a note or account, a copy thereof must be | *June 9.*
filed with the answer.

An agreement to set off, without any set-off produced, is no more a defense,
than the law authorizing set-off would be, in a case where no set-off was
offered.

    APPEAL from the *Decatur* Court of Common Pleas.

    PERKINS J.—Suit upon a promisory note.

    The defendants answered in three paragraphs—two alike
setting up payment—and a third, averring that "on, &c.,
said plaintiff was indebted to defendants in the sum of
600 dollars, and in consideration thereof, said plaintiff and
defendants, by mutual agreement, offset, &c.

    Issue upon the first paragraph of the answer, and de-
murrers to the second and third.   Demurrers were sus-
tained, the issue of fact was tried, and there was judgment
for the plaintiff upon the note.

    The issue on the first paragraph covered all that an

issue of fact upon the second, could have embraced, and hence, it is no matter how the second paragraph was got rid of.

The third paragraph was bad, for uncertainty, and for not conforming to the statute. Section 78, 2 R. S., p. 44, enacts that when any pleading is founded on a written instrument, or an account, the original, or a copy thereof, must be filed with the pleading; and a set-off, or a counter-claim, is declared to be within the meaning of the section.

Now, the paragraph in question should have shown the character of the indebtedness proposed to be set off, and if it existed by way of note or account, a copy should have been filed. It is sought to take this case out of the statute, by saying that it is the agreement to set off, not the set-off itself, that is relied on as the defense; but an agreement for a set-off, without any set-off produced, would avail no more in defeating a suit, than the law authorizing set-off in a case where none was offered.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*H. F. Fugit, J. S. Scoby* and *W. Cumback*, for the appellants (1).

*J. Gavin* and *J. R. Coverdill*, for the appellee (2).

---

(1) Counsel for the appellant cited *Louden* v. *Birt*, 4 Ind R., 566.

(2) Counsel for the appellee cited the following authorities:

Under the former system of practice, if a demurrer was improperly sustained to a special plea, the Court would not reverse the case if the matter set up in the special plea was admissible under the general issue. See *Darter* v. *The State*, 5 Blackf. 61; *Shanklin* v. *Cooper*, 8 Blackf. 41; *Carter* v. *Thomas*, 3 Ind R. 213. The same doctrine applies to this case. It is true that if the different paragraphs of the answer contain the same defense, the proper method of taking advantage of it was by motion to strike out; but in this case that was not done.

The second and third paragraphs of the answer are bad for another reason: they profess to answer the whole complaint, and only answer to part. A general demand of judgment as to the whole complaint, is made at the conclusion of the answer. This defect vitiates the answer, (1 Chit. Pl. 523, 10th Am. ed.) and can be taken advantage of by demurrer. *Sterling* v. *Sherwood*, 20 Johns. 206. *Riggs* v. *Denniston*, 3 Johns. Cas. 205 *contra*. 1 Chit. Pl. 523.

The debt intended to be set off must be described in a plea, with the same certainty as in a declaration for the like demand. 1 Chit. Pl. 574.